**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TERRENCE T. COLER, #06084872,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2402-N |
| | ) | ECF |
| **VA HOSPITAL,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for a writ of habeas corpus civil rights action brought by a county inmate.

Parties: Petitioner is presently incarcerated at the Dallas County Jail in Dallas, Texas.

Findings and Conclusions: On January 5, 2005, the Magistrate Judge issued a questionnaire. As of the filing of this recommendation, Petitioner has not filed his answers to the questionnaire, or sought an extension of time do so.

The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint or petition. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under § 1915 is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaires as useful and proper means for court to develop factual basis of

*pro se* plaintiff's complaint).  As of the date of this recommendation, Petitioner has failed timely to respond to the Magistrate Judge's questionnaire.[1]

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Because Petitioner has been given ample opportunity to submit his answers to the magistrate judge's questionnaire, but he has refused or declined to do so, this action should be dismissed without prejudice for lack of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

---

[1]     The answers to the questionnaire are necessary for this court to determine the substance of Petitioner's claims.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this habeas corpus action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Petitioner.

Signed this 20th day of February, 2007.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.